

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 6, 1976

The Honorable Ben Ramsey
Chairman
Railroad Commission of Texas
P. O. Box 12967
Austin, Texas   78711

Opinion No. H-858

Re:  Whether the Railroad
Commission may issue
declaratory rulings without
hearing and notice under
the Administrative Pro-
cedure and Texas Register
Act.

Dear Mr. Ramsey:

You have requested our opinion regarding the authority
of the Railroad Commission to issue formal declaratory rulings
without notice and hearing under the Administrative Procedure
and Texas Register Act, article 6252-13a, V.T.C.S.   The
statute, which was effective on January 1, 1976, requires
all administrative agencies to follow a detailed notice and
hearing procedure "prior to the adoption of any rule."
Sec. 5.   A "rule" is defined as:

> [A]ny agency statement of general appli-
> cability that implements, interprets,
> or prescribes law or policy, or describes
> the procedure or practice requirements of
> an agency.  The term includes the amend-
> ment or repeal of a prior rule but does
> not include statements concerning only the
> internal management or organization of any
> agency and not affecting private rights
> or procedures.  Sec. 3(7).

You state that the Railroad Commission has been asked
to issue a formal written ruling regarding the following tariff
provision, previously adopted by formal order of the Commis-
sion:

> When the shortest highway route between
> points, as herein above provided, is
> not traversable or practical to use, then
> the highway mileage shall be computed on
> the basis of the mileage from origin to
> destination over the routes used,
> computed from map attached to the mileage
> guide referred to herein. When rates
> are assessed under the provision of this
> note, freight bill or invoice rendered shall
> contain a statement explaining why the
> short route cannot be used. Railroad
> Commission of Texas Motor Freight Commodity
> Tariff No. 7-M, Item 25, Note 1-(a).
> (Emphasis added).

The request inquires whether or not distance computations
should be made utilizing the shortest highway route between
points when that route is not available to carriers because
certain bridges on that route are subject to weight limits
of 21,000 pounds.

Essentially, the request requires a formal ruling as to
whether "not . . . practical to use" includes a situation in
which the vehicle is prohibited from using the shortest route
by virtue of its weight. We believe that such a ruling would
be embraced within the definition of "rule" in section 3(7),
since it would apply generally to all vehicles whose weight
exceeded the maximum weight limits on any particular "shortest
route," and since it would "interpret" a previously adopted
Commission order. Thus, in our opinion, the Commission
would be required, before issuing such a ruling, to comply
with the procedures outlined in section 5 of article 6252-13a.

## S U M M A R Y

> The Railroad Commission is required to
> comply with the notice and hearing
> procedures of article 6252-13a, V.T.C.S.,

in order to issue a formal declaratory
ruling which requires an interpretation
of a previously adopted Commission rule.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb